IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JESSICA M. J.,[1]                              6:20-cv-00334-BR

       Plaintiff,                      OPINION AND ORDER

v.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

ARI D. HALPERN
Halpern Law Group, P.C.
62910 O.B. Riley Rd., Ste. 100
Bend, OR  97703
(541) 323-2306

     Attorney for Plaintiff

BILLY J. WILLIAMS
United States Attorney
RENATA GOWIE
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

_____

    [1] In the interest of privacy this Court uses only the first name and the initial of the last name of the nongovernmental party in this case.  Where applicable, this Court uses the same designation for the nongovernmental party's immediate family member.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**JEFFREY E. STAPLES**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3706

        Attorneys for Defendant

**BROWN, Senior Judge.**

    Plaintiff Jessica M. J. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

    For the reasons that follow, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter for further administrative proceedings.


                    <u>ADMINISTRATIVE HISTORY</u>

**I.   Prior Proceedings**

    On December 18, 2011, Plaintiff protectively filed an

2 - OPINION AND ORDER

application for DIB benefits.  Tr. 14, 76.[2]  Plaintiff alleged a

disability onset date of January 14, 2011.  On May 10, 2011,

Plaintiff's application was denied initially, and on October 14,

2012, Plaintiff's application was denied on reconsideration.

Tr. 76.  Plaintiff did not appeal the denial of this

application.  Pl.'s Br. (#9) at 1.

On December 20, 2013, Plaintiff again protectively filed an

application for DIB benefits and alleged a disability onset date

of January 14, 2011.  Tr. 14, 76.  On June 10, 2014, Plaintiff's

application was denied initially, and on November 14, 2014,

Plaintiff's application was denied on reconsideration.  Tr. 76.

Plaintiff did not appeal the denial of this application.  Pl.'s

Br. (#9) at 1.

## II.  Current Proceedings

On January 27, 2016, Plaintiff protectively filed her

current application for DIB benefits.  Tr. 14, 197.  Plaintiff

again alleges a disability onset date of January 14, 2011.

Tr. 14, 197.  Plaintiff's application was denied initially and on

reconsideration.  On February 3, 2017, Plaintiff filed a request

for hearing before an Administrative Law Judge (ALJ).   An ALJ

--------

[2] Citations to the official Transcript of Record (#8) filed
by the Commissioner on July 17, 2020, are referred to as "Tr."

held a hearing on November 5, 2018.  Tr. 14, 32-68.  Plaintiff
and a vocational expert (VE) testified at the hearing.
Plaintiff was represented by an attorney at the hearing.

On January 2, 2019, the ALJ issued an opinion in which she
found Plaintiff was not disabled from November 15, 2014 (the day
after her last prior application was denied) to December 31,
2016 (her date last insured (DLI)), and, therefore, is not
entitled to benefits.  Tr. 14-26.  Plaintiff requested review by
the Appeals Council.  On January 2, 2020, the Appeals Council
denied Plaintiff's request to review the ALJ's decision, and the
ALJ's decision became the final decision of the Commissioner.
Tr. 1-4.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On February 29, 2020, Plaintiff filed a Complaint in this
Court seeking review of the Commissioner's decision.


## BACKGROUND

Plaintiff was born on July 28, 1979.  Tr. 24, 197.
Plaintiff was 31 years old on her alleged disability onset date.
Tr. 75.  Plaintiff has a high-school education and obtained a
bachelor's degree in nursing.  Tr. 24, 43.  Plaintiff has past
relevant work experience as a nurse.  Tr. 24.

Plaintiff alleges disability due to Pelvic Floor Tension

Myalgia, chronic endometriosis, chronic interstitial cystitis (IC), and anxiety.  Tr. 75-76, 557, 1063.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 20-23.


## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are

supported by substantial evidence in the record as a whole. 42
U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*,
682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is
"relevant evidence that a reasonable mind might accept as
adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11
(quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690
(9th Cir. 2009)). "It is more than a mere scintilla [of
evidence] but less than a preponderance." *Id.* (citing
*Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's
testimony, resolving conflicts in the medical evidence, and
resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591
(9th Cir. 2009). The court must weigh all of the evidence
whether it supports or detracts from the Commissioner's
decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th
Cir. 2008). Even when the evidence is susceptible to more than
one rational interpretation, the court must uphold the
Commissioner's findings if they are supported by inferences
reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d
1047, 1051 (9th Cir. 2012). The court may not substitute its
judgment for that of the Commissioner. *Widmark v. Barnhart*, 454
F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.    The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA).  20 C.F.R. § 404.1520(a)(4)(i).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. § 404.1509, 404.1520(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC).  The

claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations.  20 C.F.R. § 404.1520(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  20 C.F.R. § 404.1520(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony

of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).

## ALJ'S FINDINGS

At the hearing on November 5, 2018, Plaintiff requested the ALJ to reopen her two prior claims.  Tr. 14, 38-39.  The ALJ denied Plaintiff's request on the grounds that Plaintiff had not shown good cause for reopening the prior applications and "the overall record supports a conclusion that the [Plaintiff] continued to be not disabled through her date last insured of December 31, 2016."  Tr. 14.

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity from November 15, 2014 (as noted, the day after Plaintiff's last prior application was denied), to December 31, 2016.  Tr. 17.

At Step Two the ALJ found Plaintiff has the severe impairments of chronic IC with hematuria, spastic pelvic floor syndrome, and obesity.  Tr. 17.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of

the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 18.  The ALJ found Plaintiff has the RFC to perform light work with the following limitations:  cannot climb ladders, ropes, or scaffolding; cannot be exposed to hazards such as machinery and unprotected heights; and needs to have a workstation within five minutes of a restroom.  Tr. 18-19.

At Step Four the ALJ concluded Plaintiff is unable to perform her past relevant work.  Tr. 24.

At Step Five the ALJ found Plaintiff can perform other jobs that exist in the national economy such as housekeeping-cleaner, office helper, and production assembler.  Tr. 25.  Accordingly, the ALJ found Plaintiff was not disabled from November 15, 2014, through December 31, 2016.  Tr. 26.

## DISCUSSION

Plaintiff contends the ALJ erred when she (1) denied Plaintiff's request to reopen her prior applications; (2) failed at Step Three to provide legally sufficient reasons supported by substantial evidence in the record to show that Plaintiff's impairments did not equal a listed impairment; (3) failed to provide clear and convincing reasons supported by substantial evidence in the record for discounting Plaintiff's testimony;

(4) failed to provide legally sufficient reasons supported by substantial evidence in the record for discounting the medical opinions of Plaintiff's treating physicians; (5) failed to provide legally sufficient reasons for rejecting lay-witness statements; and (6) failed to include all of Plaintiff's limitations in her assessment of Plaintiff's RFC and in her hypothetical to the VE.

**I.    The ALJ erred when she failed to reopen Plaintiff's prior applications and when she improperly applied *res judicata* to the prior administrative determinations.**

Plaintiff contends the ALJ erred when she denied Plaintiff's request to reopen the prior DIB applications, but, nevertheless, reopened the claims *de facto* and then improperly applied the doctrine of *res judicata* to support a finding that Plaintiff is not disabled.

The Commissioner, however, contends the decision to reopen a claim is discretionary and is not subject to review by this Court.  In any event, the Commissioner contends the ALJ did not *de facto* reopen Plaintiff's prior claims, did not give *res judicata* effect to the prior finding that Plaintiff was not disabled, and did not apply a presumption of continuing non-disability to Plaintiff's current application.

### A.    Standards

42 U. S. C. § 405(g) restricts the subject-matter jurisdiction of federal courts over Social Security cases to "final decision[s] of the Commissioner of Social Security made after a hearing." *See also Johnson v. Shalala,* 2 F.3d 918, 921 (9th Cir. 1993); *Hoover v. Colvin*, No. 3:13-cv-00823-SI, 2013 WL 6385925, at *2 (D. Or. Dec. 6, 2013).  If the requirements of § 405(g) are not satisfied, the Court has subject-matter jurisdiction only if a claimant asserts a "colorable constitutional claim." *Califano v. Sanders,* 430 U.S. 99, 109 (1977)*. See also Hoover v. Colvin*, No. 3:13-cv-00823-SI, 2013 WL 6385925, at *2 (D. Or. Dec. 6, 2013).

### 1.    Reopening

After "a decision becomes administratively final, the [Commissioner]'s decision to reopen a claim is purely discretionary." *Davis v. Schweiker*, 665 F.2d 934, 935 (9th Cir. 1982).  *See also Kleem v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008)("Because a denial of a motion to reopen is a discretionary decision, it is not final and, thus, not generally reviewable by a district court.").

A prior application may be reopened, however, within four years of the initial determination (20 C.F.R.

§ 404.988) and upon a showing of "good cause."  20 C.F.R.

§ 404.989(a).  Good cause exists when "new and material evidence

is furnished."  20 C.F.R. § 404.989(a)(1).  The purpose of

§ 404.988, however, is to grant the Commissioner discretion to

reopen final decisions, but it does not impose an affirmative

obligation on the Commissioner to take any action.  20 C.F.R.

§ 404.988 (a determination "may" be reopened pursuant to

subsections therein if the relevant criteria are satisfied).

*See also Taylor v. Heckler,* 765 F.2d 872, 877 (9th Cir.1985)(the

Commissioner's decision to reopen a claim is purely

discretionary after an administrative decision becomes final).

The Commissioner's denial of a petition to reopen may only be

challenged on constitutional grounds.  *Klemm v. Astrue,* 543 F.3d

1139, 1144 (9th Cir. 2008)(citing *Sanders,* 430 U.S. at 109)).

*See also Hoover v. Colvin*, No. 3:13-cv-00823-SI, 2013 WL

6385925, at *4 (D. Or. Dec. 6, 2013).

    **2.**   ***Res Judicata***

        The Social Security Act provides "[t]he findings

and decisions of the Commissioner of Social Security after a

hearing shall be binding upon all individuals who were parties

to such hearing."  42 U.S.C. § 405(h).  In *Chavez v. Bowen* the

Ninth Circuit observed "the principles of *res judicata* apply to

administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings."  844 F.2d 691, 693 (1988).  *See also Vasquez v. Astrue*, 572 F.3d 586, 597 (9th Cir. 2009).

Social Security Regulations also provide the "doctrine of *res judicata* applies in that we have made a previous determination or decision . . . about your rights on the same fact and on the same issues or issues, and this previous determination or decision has become final."  20 C.F.R. § 404.957(c)(1).  "Adjudicators must adopt such a finding from the final decision on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding."  Acquiescence Ruling (AR), 97-49(9)(Dec. 3, 1997), 1997 WL 742758, at *3.  In other words, a claimant may rebut the presumption by showing a "changed circumstance" affecting the issue of disability such as an increase in the severity of the claimant's impairments, the existence of an impairment not considered in the previous application, or a change in the claimant's age category.

14 - OPINION AND ORDER

**B.   Analysis**

At the hearing on November 5, 2018, Plaintiff
requested the ALJ to reopen her prior DIB claims on the ground
that good cause exists to do so.  Tr. 39-40.

The ALJ acknowledged Plaintiff's current application
was filed within four years of the determination of the prior
applications, but she found Plaintiff had not provided good
cause for reopening the prior applications.  Tr. 14.  The ALJ
noted her findings that Plaintiff was not disabled related only
to the period from November 15, 2014 (the day after the last
application was denied) to December 31, 2016 (Plaintiff's DLI).
Tr. 14.  The ALJ, however, stated she "reviewed and considered
all of the evidence in the record in this case, which includes
medical evidence dating as far back as November 2011."  Tr. 14.

Plaintiff, however, asserts the record includes new
evidence that establishes good cause to reopen her prior
applications, including lay-witness testimony, Plaintiff's
testimony and written statement, the medical opinions of her
treating physicians, and the underlying medical records.
Plaintiff contends all of this evidence is material because it
relates to her limitations beginning in 2011.  Although the ALJ
denied Plaintiff's request to reopen her prior applications,

Plaintiff contends the ALJ *de facto* reopened those applications when the ALJ considered all of the evidence of record "as far back as November 2011" to determine whether Plaintiff was disabled during the period in her current application. Plaintiff relies on *Lester v. Apfel*, 81 F.3d 821 (9th Cir. 1995), and *Lewis v. Apfel*, 236 F.3d 503 (9th Cir. 2001).

> In *Lester* the court noted:

> > There is an exception to the general rule that courts may not review the Commissioner's decision not to reopen, where the Commissioner considers 'on the merits' the issue of the claimant's disability during the already-adjudicated period. [citation omitted]. Where such a *de facto* reopening occurs, the Commissioner's decision as to the prior period is subject to judicial review.

*Lester*, 81 F.3d at 827 n.3.

> In *Lewis* the plaintiff filed an application for benefits in 1991. 236 F.3d at 508. On June 18, 1991, the plaintiff's application was denied without an administrative hearing. The plaintiff did not appeal, but instead reapplied for benefits in September 1992 and alleged a disability onset of September 15, 1990. At the hearing in June 1994 before an ALJ the plaintiff sought to amend his disability onset date to March 1987. The ALJ denied the plaintiff's request to amend, but the ALJ considered evidence of the plaintiff's disability from

before September 1990 when he made his May 1995 determination.
236 F.3d at 509.   The district court held the denial of the
plaintiff's earlier application in 1991 was *res judicata* on the
issue of disability up to the date of the denial.   *Id.*   On
appeal the Ninth Circuit held *res judicata* did not apply when
the ALJ "later considers 'on the merits' whether the claimant
was disabled during an already-adjudicated period."   236 F.3d at
510 (citing *Lester v. Chater*, 81 F.3d at 827 n.3).   The court
stated:

> When an ALJ *de facto* reopens the prior
> adjudication in that manner, the Commissioner's
> decision as to the prior period is subject to
> judicial review [citation omitted].   The ALJ knew
> of the June 1991 denial of Lewis's 1991
> application.   Yet he considered evidence of
> disability from as early as 1989, and he accepted
> without comment the alleged onset date of
> September 15, 1990.   Under these circumstances it
> is appropriate for the Court to treat the ALJ's
> actions as a *de facto* reopening, and assume a
> disability onset date of September 1990, as the
> ALJ did.

236 F.3d at 510.

Here the ALJ was aware of Plaintiff's prior
applications; accepted without comment the alleged onset date of
January 14, 2011; and considered evidence of disability from as
early as November 2011.   Tr. 14.   The Commissioner contends the
ALJ did not *de facto* reopen the prior applications because the

17 - OPINION AND ORDER

ALJ issued a decision that addressed only the period from
November 15, 2014, to December 31, 2016.  Def.'s Br. (#11) at 3.

As Plaintiff points out, however, the Ninth Circuit in
*Lewis* found a *de facto* reopening because the ALJ considered "on
the merits" whether the claimant was disabled during an already-
adjudicated period.  The Court finds the same reasoning applies
in this case.  As noted, the ALJ stated she reviewed "all of the
evidence in the record . . . as far back as November 2011."

On this record the Court concludes the ALJ *de facto*
reopened Plaintiff's prior applications, and, therefore, the
Commissioner's decision for the prior period from January 14,
2011, to November 14, 2014, is subject to judicial review in
addition to the period from November 15, 2014, to December 21,
2016.

Plaintiff also contends the ALJ improperly gave the
prior nondisability finding *res judicata* effect by applying a
presumption of continuing nondisability to Plaintiff's current
application.  Plaintiff contends she has submitted new and
material evidence in support of her current application that is
different from the evidence submitted in support of her prior
applications.  Plaintiff also asserts she has alleged the mental
impairment of anxiety that was not part of the prior

applications, and new regulations governing the evaluation of mental impairments became effective January 17, 2017.  *See Revised Med. Criteria for Evaluating Mental Disorders*, 81 Fed. Reg. 66138 (Sept. 26, 2016).  Finally, Plaintiff argues the Commissioner has also published new regulations governing the evaluation of IC that became effective on March 18, 2015.  *See* SSR 15-1p.

The Commissioner contends in response that the mere fact the ALJ reached the same conclusion and made the same decision as the prior administrative decisions does not establish the ALJ gave those decisions *res judicata* effect.  The Commissioner points out that the ALJ reviewed all of the records from before and during the period at issue and entered findings based on substantial evidence pertaining to the period from November 15, 2014, to December 31, 2016.

On this record, however, the Court finds there is new and material evidence supporting Plaintiff's current application, Plaintiff has asserted a new impairment not previously alleged, and there are new regulations for the evaluation of IC and mental impairments.  Accordingly, the ALJ improperly gave *res judicata* effect to the prior determinations of nondisability for the period from January 14, 2011, to

19 - OPINION AND ORDER

November 14, 2015.

In summary, the Court concludes (1) the ALJ *de facto* reopened Plaintiff's prior applications, (2) the ALJ improperly applied *res judicata* to the prior determinations when she considered Plaintiff's current application, (3) there is new and material evidence to support Plaintiff's current application, (4) Plaintiff has alleged a new mental impairment of anxiety, and (5) there are new and revised regulations regarding evaluation of IC and mental impairments.  Thus, the Court finds there are outstanding issues that must be resolved before a determination of disability can be made.

Because the Court concludes further administrative proceedings are required based on Plaintiff's first assignment of error, it is not necessary for the Court to address the remaining issues at this time.


## REMAND

The decision whether to remand for further proceedings or for payment of benefits generally turns on the likely utility of further proceedings.  *Carmickle*, 533 F.3d at 1179.  The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would

20 - OPINION AND ORDER

serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The court should grant an immediate award of benefits when

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

On this record the Court concludes Plaintiff is entitled to have her current claim adjudicated from the alleged disability onset date of January 14, 2011, to December 31, 2016, the DLI, based on the entire record related to Plaintiff's prior applications for disability benefits and the regulations in effect during that period. Accordingly, the Court remands this matter for further administrative proceedings.

## <u>CONCLUSION</u>

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

IT IS SO ORDERED.

Dated this 17th day of February, 2021.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States Senior District Judge